19 F.3d 29
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re James W. SUMMERS; et ux., Debtor.
William C. SUMMERS, Appellant,
v.
James RIGBY, Trustee in Bankruptcy, Appellee.
 No. 92-36968.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 23, 1994.*
Decided March 24, 1994.
 
 Before: FLETCHER, BRUNETTI, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Chapter 7 debtor William C. Summers appeals pro se the district court's order affirming the bankruptcy court's order granting the trustee's motion for summary judgment and denying Summers discharge in bankruptcy pursuant to 11 U.S.C. Sec. 727. The district court affirmed the bankruptcy court's finding that there was no genuine issue as to whether Summers had transferred property within one year of filing his bankruptcy petition in order to hinder, delay, or defraud creditors. We have jurisdiction under 28 U.S.C. Sec. 158(d), and we affirm.
 
 
 3
 "We review the bankruptcy court's grant of summary judgment, as affirmed by the district court, de novo." Bullitt v. Mading King County Enters. (In re Heide), 915 F.2d 531, 532 (9th Cir.1990). Viewing the evidence in the light most favorable to Summers, we must determine whether there are any genuine issues of material fact and whether the bankruptcy court correctly applied the relevant substantive law. See Alvarado v. Walsh (In re LCO Enters.), 12 F.3d 938, 941 (9th Cir.1993).
 
 
 4
 Under Fed.R.Civ.P. 56(c), made applicable to summary judgment motions in bankruptcy proceedings by Bankr.R. 7056, the trustee, as the moving party, was required to demonstrate through "pleadings, depositions, answers to interrogatories, and admissions on file, together with ... affidavits" that there was no genuine issue as to any material fact. In response, Summers could not rest on mere allegations or denials, but rather, was required to submit evidence demonstrating the existence of a genuine issue for trial. See Fed.R.Civ.P. 56(e).
 
 
 5
 Under section 727 of the Bankruptcy Code, Summers was entitled to a discharge from all his debts unless he, "with intent to hinder, delay, or defraud a creditor[,] ... transferred, removed, destroyed, mutilated, or concealed" property belonging to him "within one year before the date of the filing of the bankruptcy petition." 11 U.S.C. Sec. 727(a)(2)(A). "Section 727's denial of discharge is construed liberally in favor of the debtor and strictly against those objecting to discharge. Accordingly, discharge of debts may be denied under section 727(a)(2)(A) only upon a finding of actual intent to hinder, delay, or defraud creditors." First Beverly Bank v. Adeeb (In re Adeeb), 787 F.2d 1339, 1342-43 (9th Cir.1986) (citation omitted).
 
 
 6
 The bankruptcy court and the district court both found that the record demonstrated no genuine issue as to Summers' intent to hinder, delay, or defraud his creditors, and therefore that the trustee was entitled to judgment as a matter of law. We agree.
 
 
 7
 The evidence submitted by the trustee in support of his summary judgment motion demonstrates that Summers engaged in three separate transfers of assets within one year before the filing of his bankruptcy petition. As the district court correctly noted, any one of these transfers alone, if made with the requisite intent, is sufficient to uphold the bankruptcy court's summary judgment and denial of discharge. We therefore focus on Summers' prepetition transfer of shares of stock he held in Centron Equities Corporation and Centron of Oregon Corporation ("Centron stock"), and do not address the other transfers.
 
 
 8
 In January 1990, approximately three months prior to the filing of his bankruptcy petition, Summers transferred his shares of Centron stock to two trusts, the CEC trust and the COC trust. The trusts gave Summers consideration in the form of two promissory notes payable to Summers and totalling $350,000. In support of his summary judgment motion, the trustee submitted the sworn testimony of Summers stating that the transfer of the Centron stock was undertaken "to protect the assets" from creditors. Summers did not below nor does he now deny making this admission. The trustee's evidence thus establishes that Summers transferred his Centron stock with the intent to hinder, delay, or defraud creditors.
 
 
 9
 Summers argues, as he did before the district court, that he did not transfer valuable property because the stock had no value and thus there was no injury to creditors. We reject this argument, as did the district court, on the ground that, in this circuit, "injury to creditors is irrelevant for purposes of denying a discharge in bankruptcy." Id. at 1343.
 
 
 10
 In his affidavit submitted in opposition to the trustee's summary judgment motion, Summers states that he transferred his shares of Centron stock in reliance on the advice of counsel. Summers also states that he "never intended to hinder, delay or defraud any creditor by virtue of the sale of the stock." This evidence merely contradicts Summers' prior testimony and fails to raise more than a "metaphysical doubt as to the material facts." See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986); Fed.R.Civ.P. 56(e). Summers submitted no other relevant evidence to preclude summary judgment for the trustee. Accordingly, Summers was properly denied discharge and the district court's affirmance of the bankruptcy court's summary judgment on this issue is
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3